**John BALDWIN, Plaintiff,**

**v.**

**HARRIS CORPORATION, Defendant.**

**Civ.A. No. 87–3479 JHP.**

United States District Court,
District of Columbia.

Oct. 11, 1990.

Patrick M. Regan, Lisa R. Riggs, Koonz, McKenney, Johnson & Regan, Washington, D.C., for plaintiff.

James P. Murphy, Ellen R. Hornstein, Squire, Sanders & Dempsey, Washington, D.C., for defendant.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

On October 23, 1985, plaintiff John Baldwin was injured while using a paper cutter manufactured by the defendant, Harris Corporation. Plaintiff, on December 23, 1987, brought this diversity case against Harris alleging negligent product design, strict liability, and failure to adequately warn. Currently before the Court is defendant's renewed motion for summary judgment.[1] We find that plaintiff's injury was not a result of a defective product design, but rather was caused by plaintiff's employer's negligence in allowing the machine to be operated without its protective safety device. And we hold that plaintiff was well aware that the protective device was not functioning and assumed the risk of operating the machine in its dangerous condition. We further find that defendant supplied adequate warnings on the machine. Therefore, we grant defendant's summary judgment motion for all claims.

## BACKGROUND

The accident that forms the basis for this suit occurred while the plaintiff was employed as a "press operator" for Todd–Allen Printing Company, a commercial printer. Plaintiff's duties included the operation of a Seybold Saber Model CKB paper cutter, which was manufactured by the defendant. The machine was sold to a predecessor company of Todd–Allen in 1955.

---

1. Two previous motions by defendant for summary judgment were denied without prejudice on September 1, 1988 and May 24, 1989, respectively, to permit completion of discovery.

This machine cuts large thick stacks of paper via a consecutive two-step process. First a clamp descends to hold the paper in place. Then, a knife is lowered to cut the paper. It was the plaintiff's practice to operate the machine using the hand controls. These controls are located on either side of the machine and bring down first the clamp and then the knife. However, it is also possible to operate the clamp with a foot treadle; pressing the foot treadle brings the clamp down. Although the plaintiff had never used the treadle, he was aware that by depressing the treadle, the clamp would descend.

The foot treadle was equipped with a safety latch to prevent accidental operation of the foot treadle. The cutter was designed so that the safety latch would have to be removed each time the foot treadle was used. However, the safety latch on the cutter located at Todd–Allen had been disengaged ever since the plaintiff had been working at the company, a period of approximately one year. The plaintiff was aware of the fact that the safety latch was not working at the time of the accident.

The paper cutter in question had a warning label on it. The relevant parts of the warnings stated "DO NOT DEACTIVATE ANY SAFETY DEVICE.... USE CAUTION WHEN USING THE CLAMP FOOT TREADLE."

When the accident occurred, plaintiff was carrying a heavy stack of paper to the cutter. He lurched forward to lift the paper onto the table of the cutter. As he lurched, his right foot accidentally hit the foot treadle, which caused the clamp to come down on his right hand, which was holding the paper and which was underneath the knife and the clamp. Plaintiff now claims that his hand was permanently injured in this accident.

## DISCUSSION

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court has clarified the standard of the rule, stating:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

### I. *Defective and Negligent Design Claims*

We find that plaintiff's claims of negligent design and strict liability must fail because plaintiff's injury was not caused by any defect or lack of reasonable care in the design of the product. If the product been used as designed, plaintiff would not have been injured.

■■■ To make out a claim of strict liability for a defective product, plaintiff would have to prove that the paper cutter in question was sold "in a defective condition unreasonably dangerous to the user" and that the defective product caused physical harm to the user. Restatement (Second) of Torts § 402A (1965) (cited in *Payne v. Soft Sheen Products, Inc.*, 486 A.2d 712, 720 (D.C. 1985)). To make out a charge of negligent design, plaintiff would have to prove that the manufacturer failed to exercise reasonable care in its design. *Hull v. Eaton Corp.*, 825 F.2d 448, 453 (D.C.Cir.1987). The product defendant shipped was not "in a defective condition unreasonably dangerous," nor was it negligently designed, since both parties agree that if the product had been in the condition in which it was designed, *i.e.* had the safety latch been in

place, the accident would not have taken place.

To prevail on both claims, plaintiff would have to prove that defendant's defective or negligent product design caused plaintiff's injury. In this case, the manufacturer supplied a safety device to prevent exactly the type of injury that occurred in this unfortunate accident. If the product had been used as designed, and if the accompanying warnings had been heeded, the injury would not have occurred. Plaintiff's injury was not the result of a defective or negligently designed product, but was caused by the negligent maintenance of the plaintiff's employer, who allowed the machine to be operated without the safety latch in place.

Whether the employer's negligence is a superceding cause, absolving the manufacturer of liability, depends on the determination of whether it was foreseeable to the manufacturer that people would disregard the clear instructions on the machine and disengage the safety latch. *See Payne v. Soft Sheen*, 486 A.2d at 726 ("negligence by an intervening actor will not relieve the manufacturer of liability if the negligence could reasonably have been anticipated under both negligence and strict liability theories of recovery"). Plaintiff has introduced no evidence that the manufacturer should have foreseen that a purchaser of the product would disregard the clear warning on the machine and disengage the safety latch, nor has he introduced evidence that the manufacturer was aware that the paper cutter was being operated without a functional safety latch. In this case, as in *Hanlon v. Cyril Bath Co.*, 541 F.2d 343 (3d Cir.1975), the injured party's employer "removed a safeguard against accidental activation that had been incorporated in the original structural design and would have been adequate to prevent this accident." *Id.* at 346. To hold the manufacturer liable for such an act of the employer would be requiring the manufacturer to be an insurer of its products.

Since the injury would not have occurred had the product been used as designed, and the employer's negligence was not reasonably foreseeable by the manufacturer, plaintiff's claims of negligent and defective product design must fail. Defendant's summary judgment motion on these counts will therefore be granted.

## II. *Assumption of the Risk*

Even if we did not grant the summary judgment based on plaintiff's failure to prove causation, we would find that the plaintiff assumed the risk of operating this machine knowing of its dangerous qualities. Assumption of the risk is a complete bar to recovery for negligence and strict liability against a manufacturer. *See, e.g., Sinai v. Polinger Co.*, 498 A.2d 520, 524 (D.C.1985) (negligence); *Young v. Up-Right Scaffolds, Inc.*, 637 F.2d 810, 815 (D.C.Cir.1980) (strict liability). Assumption of the risk relieves the defendant of any duty he owed to the plaintiff because in such a case the plaintiff comprehended the danger and voluntarily decided to risk that danger. *See Sinai v. Polinger Co.*, 498 A.2d at 524. The elements of assumption of the risk are: "actual knowledge and comprehension of a danger caused by the defendant's negligence and the plaintiff's voluntary exposure to that known danger." *Morrison v. MacNamara*, 407 A.2d 555, 567 (D.C.1979).

In plaintiff's deposition he testified that he was aware that the treadle latch was not operating and that it had not been operating since the time he had been working at Todd–Allen, a period of approximately one year. (Plaintiff's Depo. at 22–24). To determine whether the plaintiff assumed the risk, the court must analyze "the plaintiff's age, intelligence, and experience." *Morrison v. MacNamara*, 407 A.2d at 567. Here, plaintiff was an experienced paper cutter, having approximately five years of experience in the field. (Plaintiff's Depo. at 6–8). Plaintiff further testified he had operated the paper cutter in question at least once a day during the year he had been employed at Todd–Allen. *Id.* at 20. The plaintiff in this case continued to operate the paper cutter despite his knowledge that the safety latch on the foot treadle was not working. This knowledge,

coupled with his experience as a paper cutter, establishes as a matter of law that he assumed the risk that an injury would occur if he used the machine in its negligently maintained condition.

### III. *The Failure to Warn Claims*

■ Plaintiff's failure to warn alleges claims which sound in strict liability and in negligence, and are evaluated under the same standard under District of Columbia law. *See Payne v. Soft Sheen*, 486 A.2d at 721. Under both standards, if a manufacturer's product "could result in foreseeable harm [the manufacturer] has a duty to give a warning which adequately advises the user of attendant risks and which provides *specific* directions for safe use." *Id.* (citations and quotations omitted) (emphasis in the original). *See also Young v. Up-Right Scaffolds*, 637 F.2d at 814 (a manufacturer is liable for failure to warn "only if it was reasonably foreseeable that the product, as labelled, would cause injury").

Plaintiff's injury on this machine was not a foreseeable harm when it left defendant's place of manufacture, since the injury could not have occurred with the safety latch in place. Further, the warning on the machine specifically stated, "DO NOT DEACTIVATE ANY SAFETY DEVICE." Someone had disengaged the safety latch in express contradiction to this warning. It would be patently unfair to require the manufacturer to equip every machine with a warning of what the consequences will be if warnings already in place are not followed. This is just another way of saying it can not be held to be foreseeable that someone would disregard the clear, express warning on a machine. Plaintiff's claim of failure to warn in support of his allegations of negligence and strict liability is without merit. For all of the foregoing reasons, defendant's renewed motion for summary judgment is granted.

An order consistent with this opinion has been entered this day.